No. 2,076.

JOHN F. SCHIERHOLD, ADMINISTRATOR of ESTATE of JOHN C. SCHIERHOLD, (deceased), Appellant *v.* THE NORTH BEACH AND MISSION RAILROAD COMPANY, Respondent.

Action for Damages for Personal Injury.—Pleading.—In an action for damages, for injury, caused by defendant's street cars, an allegation by plaintiff that defendant had no lawful right to lay its track, or run its cars on that portion of the street where the injury was done, is not irrelevant, or immaterial.

Corporation.—Special Franchise.—The fact that a party is a corporation in the exercise of corporate powers, does not tend to establish its right to a special franchise.

Damages for Personal Injury.—Evidence.—Custom.—Evidence that it was the custom of the inhabitants of a locality to allow boys to play in the street, does not tend to prove that such use of the street is lawful

Idem.—Evidence.—Evidence to prove that the cars of another company were driven down the same grade at less speed than the cars of defendant, is inadmissible.

Idem.—Negligence.—Contributory.—Non-suit.—Negligence is generally an inference from facts and circumstances, which it is the province of the jury to find, and in an action for damages for injury caused by negligence, a nonsuit upon the ground of contributory negligence, should only be granted, when, giving the plaintiff the benefit of all controverted questions, it is apparent to the Court that a verdict in his favor must necessarily be set aside.

Idem.—Practice.—Negligence.—Questions for Jury.—Whether there is negligence on the part of the parents in allowing a child of seven years old to be in the streets unattended, is a proper question to be submitted to the jury.

Idem.—Negligence.—Liability for.—The negligence of the parents in allowing their child to be alone in the street, does not relieve the defendant from liability, if the injury occurred through the gross negligence of its employee.

Idem.—Negligence.—As to Adults and Children.—That which would be but ordinary negligence as to a grown person, may be gross negligence as respects a child.

Idem.—The fact that the street is made for travel, does not justify a trespass upon the person of one who is there for other purposes.

APPEAL from the Twelfth District Court, City and County of San Francisco.

The case is stated in the opinion.

*Porter* anb *Holladay*, for Appellant.

*First*—The Court erred in ordering the allegation in plaintiff's complaint, that defendant has no lawful right to use that portion of the street where the injury was done, to be stricken out. The track was laid on the extreme right, or east side of the street, whereas the statute requires that it should be in the middle. (Page 193, Statute 1861, approved April 7th, 1861, entitled "An Act to grant to certain persons, the right of way for a railroad track, within the corporate limits of San Francisco, and to run horse cars thereon," also Amendment 1865-6.)

*Second*—The Court erred in refusing plaintiff permission to show the ordinary custom, as to allowing boys of the age of deceased to play in the streets of the city, where the accident occurred. (*Earnest* v. *Hudson R. R. Co.*, 35 N. Y. 26-7 ; Oldfield's case, 3 E. D. Smith, 103 ; *Honingsberger* v. *2d Av. R. R Co.*, 1 Daily, 89.)

In cities children have a right to play in the streets unattended, and it is necessary to look out for them. (*Hatfield* v. *Roper*, 21 *Wendell*, 6-7; *Gay* v. *Winter*, 34 *Cal.* 153.)

The streets are for all conditions of persons. (*McIntyre* v. *N. Y. Central R. R. Co.* 37. N. Y. 538.)

*Third*—The Court erred in refusing to allow plaintiff to show that "the Omnibus Railroad Co., both before and "after the accident, habitually drove their horses down the "same grade, along the same square, at half the rate of "speed of the defendant."

*Fourth*—The Court erred in granting a nonsuit on the "grounds that the evidence showed that the deceased was "negligent, and by his own act contributed to the accident "by which he met his death." Whether the deceased was negligent or not, was in this case a matter for the jury to decide. (*Earnest* v. *Hudson R. R. Co.* 35 N. Y. 38; *Gay* v. *Winter*, 34 Cal. 153; *Ireland* v. *Oswego R. R. Co.* 3 Kernan, 533;

*Keller* v. *N. Y. Central,* 26 How. 137; *Hogan* v. *8th Avenue R. R. Co*; and *Bernhardt* v. *Rensselaer and Saratoga R. R. Co.,* 23 Howard, 168; *Sheridan* v. *Brooklyn and Newport R. R. Co.,* 36 N. Y. 39; *McIntyre* v. *N. Y. Central,* 37 N. Y. 287; *Davenport* v. *Ruskman,* 37 N. Y. 568; *Hageman* v. *Western R. R.* 3 Kern, 14; *Oldfield* v. *N. Y. Harlem R. R. Co.,* 4 Kern, 360; and 10 Howard's Pr. 1; *Drew* v. *6th Av. R. R. Co.* 27 N. Y. 49; *Honingsberger* v. *2d Av. R. R. Co.* 1 Daily, 89.)

*John G. McCullough* for Respondent.

The amendment to the plaintiff's complaint, which averred that defendant was unlawfully occupying with its track, and driving its cars over that portion of the street where the accident occurred, was properly ordered to be stricken out by the Court, because—

*First*—Such an allegation was already in the complaint.

*Second*—The respondent had a *right* to lay and use its track where it was using it.

*Third*—And conclusively, the amendment was totally irrelevant and immaterial to the issues in the case.

The defendant was claiming *in good faith* to be a corporation under the laws of this State, and was *doing business* as such corporation. The question then of its "right to exercise corporate powers," just as it is exercising them, can not be inquired into collaterally in any private suit to which defendant is a party, but it can only be had at a suit of the State, on information of the Attorney-general. (1. *Hittel's Digest,* par. 751; *Spring Valley W. W.* v. *San Francisco,* 22 Cal. 440; *D. Mining Co.* v. *Allmeah,* 26 Cal. 519; *Rondell* v. *Fay,* 32 Cal. 361; *O. and V. C. R. R. Co.,* v. *Supervisor,* 37 Cal. 354; *Pacific Bank* v. *De Ro.,* 37 Cal. 538.)

It was not error in the Court to exclude evidence offered by the plaintiff tending to show, that it was the ordinary custom of the inhabitants of that part of the city, where the accident happened, to permit their boys of the age of the deceased, to play in the street—because it was an en-

tirely collateral issue. The question was, whether plaintiff intestate was *lawfully* using the street at the time. What was *he* doing there then ? Not what others were accustomed to do there, at other times. The issue attempted to be raised was wholly immaterial.

It was not error in the Court to exclude evidence offered by plaintiff, tending to show that the Omnibus R. R. Co., both before and after this accident, habitually drove their horses down the same grade, along the same square, at half the rate of speed of defendant's. This, like the last offer, was clearly irrelevant. *(Gahagan Adm.* v. *B. & L. R. Co.,* 1 Allen, 189 ; *Robinson* v. *F. & W. R. Co.,* 7 Gray, 95; *Collins* v. *Dorchester,* 6 Cush. 396 ; *Aldrich* v. *Pelham,* 1 Gray, 510 ; *Kidder* v. *Denstable,* 11 Gray, 342 ; *C. P. R. R.* v. *Pearson,* 35 Cal. 544 ; *People* v. *Taylor,* 36 Cal. ; *Martines* v. *Planel,* 36 Cal. ; 1 Greenleaf Evidence, sec. 448.)

It was not error in the Court to grant defendant's motion for a nonsuit, because :

*First*—Whenever the plaintiff's evidence is insufficient to establish the fact that he or his intestate was in the exercise of ordinary care at the time of the accident, the Court as a matter of law will rule upon it without submitting it to the jury.

If the undisputed facts show that the plaintiff was guilty of negligence contributing to the accident, the Court must nonsuit the plaintiff, on his own evidence. Unless the plaintiff shows *affirmatively* that at the time of the accident he or his intestate was in the exercise of due care, he will be nonsuited. And if plaintiff makes a case which charges him with negligence, his case will not be allowed to go to the jury. If the plaintiff shows that he was guilty of such negligence as contributed to the accident, *i. e.* without which it would not have happened, then clearly there is no case for the jury. *(Gahagan* v. *B. & L. R. R. Co.,* 1 Allen, 190–91 ; *Lucas* v. *T. & N. B. R. R. Co.,* 6 Gray, 64 ; *Garrett* v. *M. & L. R. R. Co.,* 16 Gray ; *Todd* v. *O. C. R.,* 3 Allen, 18, 7 Allen, 207 ; *Wright* v. *M. R. R. Co.,* 4 Allen, 289 ; *Butterfield* v. *W. R. Co.,* 10 Allen, 533 ; *Stevens* v. *O. & S. R. R.,*

18 N. Y. 422 ; *Wild* v. *H. R. R.*, 24 N. Y. 433 , *Clark* v. *Eighth Av. R. R.*, 36 N. Y. 136 ; *Wilcox* v. *R. W. & O. R. R* 39 N. Y. 368, 366 ; *Waite* v. *N. E. R. Co.*, 96 Eng. Com. Law, 726 ; *Singleton* v. *E. C. R. Co.*, 97 Eng. Com. Law, 287.)

The burden of proof is on the plaintiff to show ordinary care on his part or that of his intestate. (*Robinson* v. *F. & W. R. R. Co.*, 7 Gray, 97, and cases cited above.)

The question as to whether the rule, requiring ordinary care by a plaintiff applies with equal force to children as to adults, has never been decided in this State—and the following authorities are cited as bearing upon that point :

In Vermont, Connecticut and Pennsylvania, the negative of the proposition is maintained. (*Robinson* v. *Cone*, 22 Vt. 213; *Daley* v. *N. & W. R. R.* 26 Conn. 591; *Rauch* v. *Lloyd*, 31 Pa. 370; and see Sedgwick on Damages p. 543, 4th Ed.)

In the New York authorities generally, and in Massachusetts entirely, the affirmative of the proposition is maintained with great force, and with the contrary authorities before their Courts. (*Hartfield* v. *Roper*, 21 Wend. 618–623. *Kreig* v. *Wells*, 1 E. D. Smith, 76–7; *Brown* v. *Maxwell*, 6 Hill, 593–4; *Munger* v. *T. R. R.* 4 Comstock 359; *Lehman* v. *Brooklyn*, 29 Barb. 236–7; *Lucas* v. *T. & N. B. R. R.* 6 Gray, 71; *Holly* v. *B. Gas Light Co.* 8 Gray, 132; *Wright* v. *M. & M. R. R.* 4 Allen, 286–7; *Callahan* v. *Bean*, 9 Allen, 402.) And in England the case of *Lynch* v. *Nurdin*, 41 Eng. C. L. 422; was questioned in *Lygo* v. *Newbold*, 9 Exch. 302; and not followed in *Waite* v. *N. E. R. Co.*, 96 Eng. C. L. 720; *Singleton* v. *E. C. R. Co.* 97 Eng. C. L. 288.)

Temple, J., delivered the opinion of the Court; Crockett, J; Rhodes, C. J. and Wallace, J. concurring.

The plaintiff's intestate was run over and killed, on Powell street, in San Francisco, by the car of defendant, and this · action is brought to recover damages.

It was claimed by the plaintiff that defendant's railroad was on the extreme east side of the street, and more than thirteen feet from the middle, while the statute granting the right to lay its track, requires it to be laid in the middle of

the street; that the defendant had caused to be piled there a lot of railroad ties and sleepers which were within eighteen inches of the track and between the track and the sidewalk. The car was being driven along at great speed—at the rate of eight or twelve miles per hour—it being a down grade, and the horses going upon a full run. The boy found himself, suddenly, immediately before the car, some fifteen or twenty feet from the horses, and to avoid being run over, run against this pile of timber; was turned back by it and run over. It is claimed that the defendant had no lawful right to lay its track in that place; that the car was unlawfully driven along that portion of Powell street; that had the track been in the middle of the street the injury would not have occurred.

Before the trial commenced the defendant moved to strike out an allegation of the complaint, which tendered an issue on this point, on the ground that it was irrelevant and immaterial. The motion was granted and the allegation stricken out.

In answer to the charge of error in this ruling the defendant quotes several private statutes, and states some facts which we fail to find in the record. These matters, however, if true, would tend to show that the defendant's-road was as near the middle of the street as was practicable, but they do not establish, or tend to establish, that an allegation of that kind in the complaint was irrelevant or immaterial. These matters, when proven, may be admitted to be conclusive upon the defendant's right, but the very fact that their recital is necessary to show that the allegation would not have availed the plaintiff, is an argument in favor of the right of plaintiff to tender an issue upon that point. It seems to be admitted in the argument that if the defendant was, in fact, unlawfully driving its car along Powell street at the time of the accident; it would have a material bearing upon this case, and we think the plaintiff had a right to tender an issue upon that question.

We do not see what bearing upon the question the suggestion can possibly have that the defendant was a corpora-

tion, claiming corporate powers in good faith, and doing business as such incorporation. It may be admitted that it has a right to exercise corporate powers just as it is exercising them, but this would not prove their possession of a franchise to run a car over a particular street or part of a street. It is not a question as to their corporate capacity, but as to their right to use a street of the city in a particular way.

We think the evidence, offered to show that it was the custom of the inhabitants of that part of the city to allow boys of the age of the deceased to play in the streets, was properly excluded. If proven, this would not tend to show that such use of the street is lawful.

The Court also correctly excluded the evidence offered to prove that the cars of the Omnibus Railroad Company were driven down the same grade at a less speed than the cars of the defendant. The speed adopted by the other company using the same track is no criterion by which to judge the propriety of the speed with which defendant's cars were driven.

We think the Court erred in granting the defendant's motion for a nonsuit, which was made on the ground that the negligence of the deceased contributed to the accident. The general doctrine of contributory negligence in cases of this character was fully discussed in the case of *Needham* v. *San Francisco and San Jose R. R. Co.* (Cal. 410); and we are entirely satisfied with the conclusions there arrived at, and we do not consider it necessary to enter upon the discussion here.

The fact of negligence is generally an inference from many facts and circumstances, all of which it is the province of the jury to find. It can very seldom happen that the question is so clear from doubt that the Court can undertake to say, as matter of law, that the jury could not fairly and honestly find for the plaintiff. It is not the duty of the Court, in such cases any more than in any other, to usurp the province of the jury and pass upon the facts. And the nonsuit should only be granted in such cases where the evidence of the misconduct on the part of the injured party

is so clear and irresistible as to put the case on a par with those cases where a nonsuit is granted for a failure to introduce evidence sufficient to go to the jury upon some point essential to the plaintiff's case. The fact must be so clear that, looking upon the plaintiff's case in the most favorable light, and ·giving him the benefit of all controverted questions, the Court can see that a verdict in his favor must necessarily be set aside.

The evidence plainly shows that the defendant's car was being driven in the most reckless and culpable manner, at the time of the accident, and we are not satisfied that, notwithstanding the negligence of the deceased, the injury · might not have been avoided by the exercise of proper diligence and prudence on the part of the defendant. And, besides, it may not have been negligence on the part of the deceased to attempt to cross the track at the distance before the horses testified to, had they been driven at a proper speed, and under a proper control of the driver.

The question whether there was negligence on the part of the parents of the child in allowing him to be in the streets unattended, ought to have been submitted to the jury. This depended not only upon his age, but his intelligence and physical ability, and we cannot say, as matter of law, there was negligence in this particular case. If, however, it were admitted to be negligence on the part of the parents to allow the deceased to be alone in the streets, the defendant would, nevertheless, be liable, if the injury occurred through the gross negligence of its employee, and that, which would be but ordinary negligence in reference to a grown person may be gross negligence as respects a child.

The drivers of street cars, through a densely populated city, ought always to have their teams under their immediate and absolute control,. and are bound to drive in such a manner, if possible, as to injure no one. They may generally rely upon the instinct of self-preservation to induce every one to endeavor to avoid injury, and when, from infancy or other apparent cause, a person liable to be injured cannot be expected to exercise the usual degree of

prudence in this respect, a greater degree of caution is necessary on the part of the driver. Thus, if a grown person were seen on the track, apparently in the possession of all his faculties, there being no difficulty in getting out of the way, the driver might reasonably expect him to do so, and could drive on in full confidence that no injury would ensue ; but if an infant of tender age were discovered in the way of the car—no matter how culpable its natural guardians may be in allowing it to be there, it would be absurd to say that the defendant could drive on, relying upon supposed legal rights, and expect the same degree of prudence or the same ability to get out of the way from it as from a grown person.

There is nothing whatever in the point that the deceased was wrongfully in the street at the time of the accident, because he went there to play. If he had the necessary discretion and physical ability to be allowed to be in the streets at all, unattended, the purpose for which he went there is entirely immaterial. The question is not why he was there, but, so far as his conduct is concerned, being there, whether he was guilty of negligence which directly contributed to the injury.

The streets were made for travelers, it is true, but the fact that a person is there for other purposes does not justify a trespass committed upon his person. He may be there for the purpose of committing a crime ; but if this were so, it would be entirely immaterial, so he was guilty of no act which would justify or excuse the trespass committed upon his person. If the deceased was playing in the street at the time of the injury, he may thereby have increased the danger or the difficulty of the defendant to avoid the injury. This would be material, but still the inquiry would be, what happened and what was done in the street, and not for what reason the deceased was there.

The cases cited upon this point are where the municipality has been sued for injuries which occurred because the streets were not kept in repair, and the defense has been that they were being used in some way or for some purpose

for which they were not designed, and in respect to which there was no undertaking of their fitness on the part of the public; as by leaning against the railing of a bridge. Evidently this is upon a different principle. In some States the public are made liable for injuries which occur on account of defects in the highway, and the Courts confine the liability of the public in such cases within the narrowest possible limits, and, therefore, limit the right of action to those who are using the road for purposes of travel, there being no duty on the part of the public to provide roads for other purposes.

Judgment reversed and cause remanded for further proceedings, in accordance with this opinion.