[No. 13552.    In Bank. — July 28, 1890.]

MARY A. FRANKLIN, RESPONDENT, *v.* SOUTHERN CALIFORNIA MOTOR ROAD COMPANY, APPELLANT.

NEGLIGENCE — CARRYING PASSENGER BEYOND RAILROAD STATION — KNOWLEDGE OF SPECIAL RISK — BREACH OF DUTY OF CARRIER — QUESTION OF FACT. — Where a railroad company carries a passenger beyond and away from all its usual stopping-places, to a place where there are no accommodations for alighting, and the company knows there is special risk and hazard, owing to the switching of the engine, it is its duty to use every precaution for the protection of the passenger against danger from the passing engine, and whether it did so or not is a proper question of fact for the jury.

ID. — CONTRIBUTORY NEGLIGENCE OF PASSENGER — QUESTION OF FACT. — In such case it is a question of fact for the jury to determine whether the passenger, with the knowledge she possessed as to the peril of the place, and with the presumption she was entitled to indulge as to the degree of care which the employees of defendant would exercise for her protection, was herself guilty of negligence which proximately contributed to her injury.

ID. — NEGLIGENCE RELATIVE TO CIRCUMSTANCES — PROVINCE OF JURY. — Negligence is not absolute, but is relative to circumstances surrounding the case, and always relates to some circumstance of time, place, and person. Contributory negligence is generally an inference from facts and circumstances, which it is the province of the jury to find.

ID. — NONSUIT FOR CONTRIBUTORY NEGLIGENCE. — Nonsuit on the ground of contributory negligence should only be granted when, giving the plaintiff the benefit of all controverted questions, it is apparent to the court that a verdict in his favor must be set aside.

ID. — DUTY OF CARRIER TO PASSENGER — PASSENGER NOT BOUND TO AN-
TICIPATE NEGLIGENCE. — Carriers owe more than an ordinary duty to
their passengers, and negligence cannot be imputed to a passenger for
not anticipating culpable negligence on the part of the carrier, but he
has a right to act on the presumption that the employees of the carrier
will use that degree of care which persons of ordinary prudence are ac-
customed to employ under the same or similar circumstances.
APPEAL — SUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT. — Where there
is evidence to support the verdict, and the evidence on most points is
without substantial conflict, the judgment will not be disturbed on the
ground of insufficiency of evidence.

APPEAL from a judgment of the Superior Court of
San Bernardino County.

The facts are stated in the opinion of the court.

*Rolfe & Freeman,* and *H. M. Willis,* for Appellant.

The failure of plaintiff to look out for the passing
engine was contributory negligence, though no alarm was
sounded. (*Glasscock* v. *C. P. R. R. Co.,* 73 Cal. 141;
*Flemming* v. *W. P. R. R. Co.,* 49 Cal. 253; *Wilcox* v. *Rome
etc. R. R. Co.,* 39 N. Y. 358; 100 Am. Dec. 440; *Ernst* v.
*Hudson River R. R. Co.,* 39 N. Y. 61; 100 Am. Dec. 405;
*Harty* v. *C. P. R. R. Co. of N. J.,* 42 N. Y. 468; *Cleveland
etc. R. R. Co.* v. *Elliott,* 28 Ohio St. 341; *Pennsylvania
Co.* v. *Rathgeb,* 32 Ohio St. 66.)

*Waters & Gird,* and *Frank F. Oster,* for Respondent.

The motion for nonsuit was properly denied, as there
was some evidence on all material points. (*Ringgold* v.
*Haven,* 1 Cal. 117; *Dalrymple* v. *Hanson,* 1 Cal. 127;
*Mateer* v. *Brown,* 1 Cal. 222; Field on Damages, 519;
*Alvarado* v. *De Celis,* 54 Cal. 588; *Board of Education* v.
*Martin,* 57 Cal. 139; *Leahy* v. *S. P. R. R. Co.,* 65 Cal.
150.) Negligence is not absolute, but is relative to the
circumstances of the case. (*Richardson* v. *Kier,* 34 Cal.
63; 91 Am. Dec. 681; *Needham* v. *S. F. & S. J. R. R. Co.,*
37 Cal. 410.) Negligence is a question of fact, though
there be no conflict of fact, if reasonable men may differ

as to a course of prudence. (*Fernandes* v. *Sacramento City R. R. Co.*, 52 Cal. 45; *Chidester* v. *Consol. Ditch Co.*, 59 Cal. 197; *Petty* v. *Hannibal etc. R. R. Co.*, 28 Am. & Eng. R. R. Cas. 618; *Long Island Co.* v. *Greany*, 24 Am. & Eng. R. R. Cas. 473.) The court will not direct a nonsuit unless the court would set aside a verdict for insufficiency of evidence. (*Moore* v. *Murdock*, 26 Cal. 522; *Rudd* v. *Davis*, 3 Hill, 287; *Geary* v. *Simmons*, 39 Cal. 232; *Schierhold* v. *North Beach & M. R. R. Co.*, 40 Cal. 447.) The cases cited for appellant are cases of travelers, and not of passengers. The care required of common carriers toward passengers is extraordinary. (*Fairchild* v. *Cal. Stage Co.*, 13 Cal. 599; *Jamison* v. *San José & S. C. R. R. Co.*, 55 Cal. 593, 596; Hutchinson on Carriers, secs. 499, 502, 503.) Plaintiff had a right to presume that defendant would use all reasonable care to protect her from injury. (*Robinson* v. *W. P. R. R. Co.*, 48 Cal. 420; *McGuire* v. *Hudson River R. R. Co.*, 2 Daly, 76.) It was negligence to land plaintiff at an unsafe place. (Hutchinson on Carriers, sec. 612; *Hurlburt* v. *New York etc. R. R. Co.*, 40 N. Y. 145; *Green* v. *Erie R. R. Co.*, 11 Hun, 333; Beach on Contributory Negligence, sec. 57.) It was negligence on the part of the conductor to pay no attention for plaintiff's safety while she was leaving the car. (*Gonzales* v. *New York etc. R. R. Co.*, 39 How. 407; *Armstrong* v. *New York etc. R. R. Co.*, 66 Barb. 437; *Dickens* v. *New York etc. R. R. Co.*, 1 Keyes, 28.) It is not negligence *per se* to cross a railroad without looking to see if a train is coming. It is not conclusive proof of want of care. (*Warren* v. *Fitchburg R. R. Co.*, 8 Allen, 227; 85 Am. Dec. 700; *State* v. *Baltimore etc. R. R. Co.*, 35 Am. & Eng. R. R. Cas. 412; *Chaffey* v. *Boston and Lowell R. R. Co.*, 104 Mass. 108.) Nor is it negligence *per se* to get off on the wrong side of the car, even where a platform is provided on the opposite side. (*Plopper* v. *New York etc. R. R. Co.*, 13 Hun, 625; *McQuilken* v. *Central Pacific R. R. Co.*, 64 Cal. 463.) Much less would it be so in this case, where there was no

platform on either side. (*Brassell* v. *New York etc. R. R. Co.*, 84 N. Y. 241.) Defendant's acts of negligence were the cause of plaintiff's lack of vigilance, and lack of vigilance so caused is no bar to recovery. (*Fowler* v. *B. & O. R. R.*, 8 Am. & Eng. R. R. Cas. 480; Shearman and Redfield on Negligence, sec. 28; Beach on Contributory Negligence, sec. 57; *Earnst* v. *Hudson River R. R. Co.*, 35 N. Y. 9; *Morrissey* v. *Wiggins Ferry Co.*, 47 Mo. 521; Hutchinson on Carriers, sec. 615.)

Fox, J.— Action for personal injuries. Verdict and judgment for $1,750 in favor of plaintiff, from which defendant appeals, the case coming up on the judgment roll, which includes the evidence embodied in a bill of exceptions.

On the trial it was admitted that the defendant, a corporation, owns and operates a motor-railroad running from San Bernardino to Colton. The proof shows that the road is operated with cars propelled by steam-power.

Two points are presented and insisted on upon the appeal: 1. That the court erred in denying defendant's motion for a nonsuit; 2. That the evidence is insufficient to justify the verdict.

1. It was shown on behalf of plaintiff that on the morning of June 30, 1888, she entered the car of defendant at San Bernardino as a passenger to be transported thence to Colton. Owing to some difficulty in making change, her fare was not paid in advance, but it was paid at Colton, before she attempted to alight from the car. No question is made but that she was a regular passenger, and had all the rights of transportation, care, and protection that is due to any passenger traveling by railroad. The road of defendant enters Colton from the north by way of Conn Street. At the northwest corner of Conn and Front streets, commonly called Thompson's corner, was situate the office of the company for the town of Colton, and that corner was proved and in argument

is conceded to have been the usual stopping-place for the car. The conductor was notified by plaintiff and her escort of her desire to get off the car at that place. The track of the road continues south along Conn Street, across First Street, and then turns to the west on a strip of land known as the Railroad Reservation, being a strip of open ground lying between First Street and the track of the Southern Pacific Railroad Company. This entire strip of ground is used much as a street, the track of defendant's road traversing its entire length, and the place being open in common with Front Street and used by the public in driving vehicles over it to and from the Southern Pacific railroad depot. At about one hundred and forty feet west of the west line of Conn Street there is a platform along the southerly side of the track of defendant's road, where the cars of defendant stop to discharge and receive passengers to and from the Southern Pacific depot. At about two hundred and forty feet west of this platform there is an automatic switch, by means of which the cars of defendant, without stopping, are switched off onto a track running at a distance of between three and four feet north of and parallel with the main track for a distance of about one hundred and eighty feet, where it again connects with the main line, which continues still to the west about ninety feet and enters an engine-house, also belonging to or used by defendant. (These distances are computed from a diagram accompanying the transcript.) Reaching Colton, defendant runs its train onto the side-track, slackens its speed, uncouples without stopping, and runs the engine forward onto the main track, the brakeman stopping the coach on the side-track. Sometimes the engine runs into the engine-house, and sometimes it stops on the main track without going into the engine-house, but it always comes to a stop, and usually remains some little time oiling up, or the like. It then runs down the main track to the eastern end of the switch, runs up the side

track, and couples onto the coach, when the train is ready for its return trip. It will thus be seen that this point west of the platform is practically the switching-yard of the defendant.

When plaintiff and her escort entered the car at San Bernardino they notified the conductor that they wished to get off at Thompson's corner. Upon approaching that point, observing that the train did not begin to slow down, they rose from their seats and signaled the conductor, when he asked them if they wished to get off there. To this they answered in the affirmative, but by that time the car had passed that station, and the conductor said he would stop at the next station, which was the platform aforesaid. The train, however, did not stop at the platform, but was run forward and onto the side-track, where the engine was uncoupled, without stopping, and run forward, as usual, onto the main track west of the switch, the coach being stopped by the brakeman about midway between the two ends of the switch or side-track. At that point there was no platform on either side for the accommodation of passengers getting off or onto the cars. The coach was divided into two compartments by a dead-wall crossing the same from side to side. The plaintiff and conductor were in the rear or most easterly compartment, and the brakeman on the platform at the west end of the car. From the rear compartment no person could see anything to the west, on either the main or side tracks. As the coach came to a stop, the plaintiff rose, and, having in the mean time found some coin, paid the conductor her fare, receiving some small change in return, and immediately went to the rear door and alighted on the south side, her home being across all the tracks of both roads, on the south side, and some little distance therefrom. Her escort stopped a moment to speak to the conductor, and then followed her. As he started to step down from the platform, by leaning forward and looking outside the

coach to the westward, he saw the engine coming down the main track, and very near to plaintiff, who was at the moment walking away from the platform, and about to cross the main track, less than three feet from the side of the coach. He gave a warning outcry, and simultaneously the plaintiff felt the motion of the atmosphere made by the approaching engine, and casting her eyes in that direction, saw the engine almost immediately upon her. She threw herself backward to avoid it, but it was too late, and she was struck down by the engine and dragged several feet, and rolled over once or twice, receiving personal injuries, for which damages are claimed in this action. Some of the witnesses on the part of the plaintiff testify that no bell was rung or whistle sounded; all testify that they heard none; and there is no pretense that the plaintiff was warned or cautioned by any person of the approach of the engine or against getting off on that side. The engine made no stay on this occasion at the west end, but as soon as it had passed the switch and come to a halt, reversed, and came immediately back down the main track. But a few moments intervened between the time the coach came to a halt and the time plaintiff was struck by the engine.

The evidence presenting this state of facts, at the close of plaintiff's case in chief, defendant moved for a nonsuit, on the ground that plaintiff had failed to prove a sufficient case for a jury; that the evidence failed to show negligence on the part of the defendant; and on the further ground that the evidence did show contributory negligence on the part of plaintiff, which was the proximate cause of the injury she received. The court denied the motion, and defendant excepted.

There was no error in denying this motion. The evidence tending, as it did, to prove the material allegations of the complaint, it was a proper case for the jury. (*Alvarado* v. *Dè Celis*, 54 Cal. 588; *Leahy* v. *S. P. R. R. Co.*,

65 Cal. 150.) Negligence is not absolute, but is relative
to the circumstances surrounding the case. (*Richardson*
v. *Kier*, 34 Cal. 63; 91 Am. Dec. 681; *Needham* v. *S. F. & S.
J. R. R. Co.*, 37 Cal. 410.) It always relates to some cir-
cumstance of time, place, and person, and whether there
was contributory negligence in any given case is gener-
ally a question for the jury to pass upon and determine.
(*Jamison* v. *S. J. & S. C. R. R. Co.*, 55 Cal. 593.) It
is generally an inference, from facts and circumstances,
which it is the province of the jury to find, and non-
suit on the ground of contributory negligence should
only be granted when, giving the plaintiff the benefit
of all controverted questions, it is apparent to the court
that a verdict in his favor must be set aside. (*Schierhold*
v. *N. B. & M. R. R. Co.*, 40 Cal. 447.)

The cases cited by appellant in support of the motion
are not parallel cases. They are, most of them, if not
all, cases of strangers or persons acting independently,
and having no relation to the defendant, — cases of per-
sons toward whom the defendant owed no duty other
than that which all persons owe to each other under like
circumstances of meeting by chance, — not cases involv-
ing the duties and obligations of a carrier to a passenger.
Carriers owe more than an ordinary duty to their
passengers (*Jamison* v. *S. J. & S. C. R. R. Co.*, *supra*);
and negligence cannot be imputed to a passenger, such as
this plaintiff was, for that she did not anticipate culpa-
ble negligence on the part of the carrier. She had a
right to act on the presumption that the employees
of the defendant would use the degree of care which
persons of ordinary prudence are accustomed to em-
ploy under the same or similar circumstances. (*Rob-
inson* v. *W. P. R. R. Co.*, 48 Cal. 421.) In this case
the defendant had negligently and wrongfully car-
ried the plaintiff beyond and away from all its usual
stopping-places, where it was accustomed to receive
or discharge passengers, into what was practically its

switching-yard, where there were no accommodations for passengers to get on or off its cars, and to a point where defendant knew, though the plaintiff may not have known, that there was special risk and hazard. Under such circumstances it was defendant's duty to use every precaution for her protection. Whether it did so or not was a proper question to be submitted to the jury; and it was equally for the jury to determine whether she, with such knowledge as she possessed of the peril of the place, and with the presumptions she was entitled to indulge as to the degree of care which the employees of defendant would exercise for her protection, was herself guilty of negligence which proximately contributed to her injury.

2. We have carefully examined the evidence, and find that there is evidence to support the verdict. Indeed, on all the most important points in the case, it seems to be without substantial conflict. The judgment cannot therefore be disturbed on the ground of insufficiency of evidence.

Judgment affirmed.

WORKS, J., PATERSON, J., McFARLAND, J., and SHARP-STEIN, J., concurred.