## BYGUM v. SOUTHERN PAC. CO.

### No. 15,222; April 29, 1894.

#### 36 Pac. 415.

**Railroad—Injury at Crossing.—In an Action Against a Railroad** company to recover for the death of a boy between five and six years of age, where the evidence tended to show that he was killed at a public crossing in a town of between two thousand and three thousand people, by being run over by defendant's passenger train, which was running from fifteen to forty miles an hour, the questions of the company's negligence and the contributory negligence of the boy and his parents are for the jury.

APPEAL from Superior Court, Alameda County; John Ellsworth, Judge.

Action by Carl C. Bygum against the Southern Pacific Company for damages for causing the death of his minor son. From an order granting plaintiff a new trial, after nonsuit, defendant appeals. Affirmed.

Jas. C. Martin and A. A. Moore for appellant; Jennings & Hubbs for respondent.

PER CURIAM.—This is an appeal by the defendant from an order granting the plaintiff a new trial after a judgment of nonsuit had been entered against him. The action was brought to recover damages for the death of plaintiff's son, alleged to have been caused by the negligence of the defendant, its servants and employees, in operating its railroad. The boy was between five and six years of age, and, when attempting to cross defendant's railroad track, was struck by a moving engine, and instantly killed. The complaint alleged that the accident which resulted in the death of the boy occurred about 1 o'clock in the afternoon, at the crossing of the railroad and University avenue, in the village of West Berkeley, Alameda county. 'The answer denied that the accident occurred at the crossing named in the complaint, or at any public crossing of the railroad; denied that it occurred by reason of any negligence or fault on the part of the defendant or its servants and employees; and alleged that it occurred solely by and through the negligence of the boy and his father, the plaintiff. The nonsuit was granted upon the theory that the accident did not occur at a street crossing, and that the case came within the rule declared in Toomey v. Railroad Co., 86 Cal. 374, 10 L. R. A., N. S., 139, 24 Pac. 1074; but after hearing the motion for new trial the court was of the opinion that the evidence as to where the accident occurred, and as to whether it was caused by the negligence of the defendant, or by the negligence of the boy and his parents, should have been submitted to the jury, and therefore granted the motion.

There was evidence tending to show that West Berkeley was a village situated partly on both sides of the railroad, and having a population numbering from two to three thousand; that University avenue crossed the railroad and was the principal street of the village, and was much used by people passing over it with teams and on foot; that the boy, when struck by the engine, was on that street, and was attempting to cross from the east to the west side of the railroad track; and that the engine which struck him was hauling a belated westbound passenger train, and was running at the rate of from fifteen to forty miles an hour. The issues in the case were: Was the accident caused by the negligence of the employees of the defendant? And did the negligence of the boy and his

parents proximately contribute to it? Upon these issues, we think there was evidence sufficient to entitle the plaintiff to have them submitted to the jury, and that the court properly so held, in granting the motion for new trial. Negligence is generally an inference from facts and circumstances, which it is the province of the jury to find; and, in an action for damages for injury caused by negligence, a nonsuit upon the ground of contributory negligence should only be granted when, giving the plaintiff the benefit of all controverted questions, it is apparent to the court that a verdict in his favor must necessarily be set aside. And the negligence of parents in allowing their child to be alone in the street does not relieve the defendant from liability, if the injury occurred through the gross negligence of its employee: Schierhold v. Railroad Co., 40 Cal. 447. On a trial before a jury in an action for negligence, a nonsuit should not be ordered by the court unless there is no evidence at all, or a mere scintilla of evidence, wholly insufficient for the consideration of the jury: Wilson v. Railroad Co., 62 Cal. 164. And when a nonsuit is improperly ordered and a motion for new trial is made, it should be granted: Alvarado v. De Celis, 54 Cal. 588. It follows that the order appealed from must be affirmed, and it is so ordered.