[Civ. No. 1644. Second Appellate District.—March 3, 1916.]

# L. B. COOLEY, Respondent, v. BRUNSWIG DRUG COMPANY (a Corporation), Appellant.

FINDINGS—UNCERTAINTY—CONSTRUCTION—SUPPORT OF JUGDMENT.—The findings of the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon; and whenever from the facts found other facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court.

ID.—NEGLIGENCE—OMISSION TO FIND IN EXPRESS TERMS—SUFFICIENCY OF.—In an action to recover damages for personal injuries based on negligence, the omission to find in express terms that the defendant was negligent will not defeat the judgment, if the facts found show an omission of duty with a resultant injury.

ID.—FINDING OF JURY—WHEN CONCLUSIVE.—Negligence is a relative term depending upon inferences to be drawn from many facts and circumstances which it is the province of the jury to draw in each particular case, and when they do so find upon facts as to which reasonable minds might differ in the conclusion reached, their decision is not subject to review on appeal.

ID.—INJURIES TO DRUG CLERK—JUDGMENT SUPPORTED BY FINDINGS.—In an action for damages for personal injuries sustained by a receiving clerk of a wholesale drug company from coming violently in contact with a closed fire-door while rapidly ascending a stairway in the building of the defendant, it cannot be said, as a matter of law, that the findings do not support the judgment in favor of the plaintiff, on the theory that the plaintiff was himself negligent in failing to look up and see whether the door was open or closed, where it is shown by the evidence that he, in the discharge of the duties of his employment, used such stairway many times a day, and that he had been doing so for a period of several years, and that the door had never before, to his knowledge, been closed during business hours.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Flint, Gray & Barker, and Henry S. Van Dyke, for Appellant.

Anderson & Anderson, and Trent G. Anderson, for Respondent.

SHAW, J.—Action to recover damages for personal injuries alleged to have been sustained as a result of defendant's negligence. Judgment in the sum of one thousand dollars went for plaintiff, from which, and an order denying its motion for a new trial, defendant appeals.

The sole ground upon which appellant insists upon a reversal is that the findings do not support the judgment, in that the court not only failed to find, either directly or indirectly, that defendant was guilty of negligence, but the findings affirmatively show that the injury complained of was due solely to the gross negligence of plaintiff.

Upon the question of negligence the court found:

## "II.

"That on the 6th day of November, 1911, the plaintiff was, and for about five years theretofore had been, employed in the capacity of receiving clerk by the defendant.

## "III.

"That the defendant on the 6th day of November, 1911, and for more than five years previous thereto had been, carrying on a part of its business of wholesale drug dealer in a concrete building in the city of Los Angeles, county of Los Angeles, state of California, situate on New High street, in said city; that among various other sets of stairways and elevators the several floors upon said building were connected by a set of concrete stairways, and that as a protection against fire there was placed over the opening of the stairway leading from the first to the second story a fire door sheathed with iron; that said door was ordinarily kept open, except on infrequent occasions when necessary to close the same on account of prevention of fire or for other special purposes; that said doorway had not been closed during the employment of plaintiff by said company to plaintiff's knowledge during business hours, but that it had been closed on such infrequent occasions or for such special purposes, and when so closed no warning of its having been closed had been given.

## "IV.

"That the duty of plaintiff as receiving clerk in the employment of said defendant required him, many times a day, to ascend and descend to the floor above, and that upon the 6th day of November, 1911, while plaintiff was engaged in his

duties as receiving clerk of the said defendant below the second floor of said building the defendant's agents and officers, acting within the scope of their employment, closed said fire door within an hour or two before 2 o'clock p. m. of said day, and did not give any warning to plaintiff that said door had been so closed, and that plaintiff had no notice or knowledge that said door had been closed; but said door was clearly visible from the bottom of said stairway to any one looking up; that on said date, and about the hour of 2 o'clock p. m., plaintiff, while in the discharge of his said duties, was required in the discharge thereof to ascend to the second floor of said building, and assuming that said fire door was open, and without looking up or towards said doorway, and without knowledge that the same was shut, plaintiff ascended the stairway leading to said second floor, and in so doing, came suddenly and violently in contact with the said fire door, and struck the top of his head against same with great violence, and thereby was stunned and thrown backward into a sitting position on the stairway and against the iron railing of the stairway.

## "VIII.

"That it is true that the said stairway or staircase referred to in plaintiff's complaint leading from the first to the second floors, and in ascending which the plaintiff was injured, is composed of 24 steps; that the width of said staircase is 4 feet, and that the size of the said fire door when closed, exposed to view of one approaching from the first floor and attempting to ascend the said staircase, is 4 feet in width by 11½ feet in length; that all of the surface of said fire door, 4 feet in breadth and 11½ feet in length, is in full view from the first floor, and by any person approaching the foot of such staircase, or any one attempting to ascend the said staircase from the first to the second floor if such person looks up; that the various floors in said building, in the rear part of said building in which plaintiff was stationed ordinarily, have three series or sets of communication with each other, each and all being practically equidistant from the place of plaintiff's ordinary position of employment, to-wit: said set of stairways ordinarily referred to, a freight elevator which was frequently used by plaintiff, and another complete set of stairways; that to pass from the top of the stairway which was

used by plaintiff on the occasion referred to, to the front of the second floor, plaintiff would have to walk past said freight elevator as well as by the head of the stairway which he did not use; that it is not true that the plaintiff on November 6th, 1911, at the time of the collision referred to in plaintiff's complaint ascended said staircase without observing ordinary care, or any care at all, but, on the contrary, the plaintiff at said time and place did, in ascending said staircase, observe ordinary care in so doing, notwithstanding the specific facts hereinbefore found; and it is not true that any injury received by plaintiff was due solely, or at all, to the wanton and reckless manner of the said plaintiff in ascending said staircase, or to the failure of said plaintiff to exercise ordinary care in the premises, or that the plaintiff did ascend said staircase in a wanton or reckless manner.''

It is an established rule of law that the findings of the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon; and whenever from the facts found other facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court. (*Warren* v. *Hopkins,* 110 Cal. 506, 512, [42 Pac. 986] ; *Gould* v. *Eaton,* 111 Cal. 639, 645, [52 Am. St. Rep. 201, 44 Pac. 319] ; *Breeze* v. *Brooks,* 97 Cal. 72, [22 L. R. A. 256, 31 Pac. 742].)   Nor is it necessary, in order to sustain the judgment, that the court should in express terms have found that defendant was guilty of negligence. The omission to allege negligence in a complaint does not render the pleading defective, provided the circumstances alleged are such as to justify the inference of negligence. (*Geneva* v. *Burnett,* 65 Neb. 464, [101 Am. St. Rep. 628, 58 L. R. A. 287, 91 N. W. 275] ; *Silveira* v. *Iverson,* 125 Cal. 266, [57 Pac. 996] ; *Quinn* v. *Electric Laundry Co.,* 155 Cal. 500, [17 Ann. Cas. 1100, 101 Pac. 794].)   So in findings of fact, the omission to find in express terms that defendant was negligent will not defeat the judgment, if the facts found show an omission of duty with a resultant injury.

The question therefore presented is whether or not the facts found, together with inferences deducible therefrom, and which the trial court was justified in making, support the judgment.   Judge Cooley, in his work on Torts, defines negligence as ''the failure to observe, for the protection of the interest of another person, that degree of care, protection and

vigilance which the circumstances justly demand, whereby such other person suffers injury." It is a relative term, depending upon inferences to be drawn from many facts and circumstances which it is the province of the jury to draw in each particular case. "It can very seldom happen that the question is so clear from doubt that the court can undertake to say, as matter of law, that the jury could not fairly and honestly find for the plaintiff." (*Schierhold* v. *North Beach & M. R. R. Co.*, 40 Cal. 447; *Bowers* v. *Union Pac. R. R. Co.*, 4 Utah, 215, 224, [7 Pac. 251]; *Jamison* v. *San Jose & S. C. R. R. Co.*, 55 Cal. 593; *Franklin* v. *Southern Cal. Motor Road Co.*, 85 Cal. 63, 70, [24 Pac. 723].) And when they do so find upon facts as to which reasonable minds might differ in the conclusion reached, their decision is not subject to review on appeal. So if negligence on the part of the defendant may be reasonably implied from the facts found by the court, it is the duty of this court to construe the findings as upholding the judgment.

Appellant insists that in the case at bar there can be but one inference drawn from the plaintiff's actions as found by the court, and that is one of gross negligence on his part. We cannot assent to this contention. In effect, the court found that defendant was guilty of negligence in closing the trap-door without doing anything to indicate or give notice of such changed condition, thus rendering it dangerous for plaintiff to ascend the stairway as he was accustomed to do. In other words, it failed to do what a reasonably prudent man, having due regard for the safety of his employee, would have done under the circumstances shown to exist. And likewise as to plaintiff. As a reasonably prudent man, accustomed as he was in the course of his employment, covering a period of five years, to run up and down this stairway five to twenty times a day, and never knowing of the door being closed, he was justified, in the absence of notice or warning of its being closed, in assuming that it was open as he had always found it, and hence he was not negligent when, in ascending the stairway, he failed to look up for the purpose of discovering whether or not it was open. The determination of both questions was for the trial court sitting as a jury, and as to both it has made findings of fact from which inferences of negligence on the part of defendant and exonerating plaintiff therefrom may fairly be implied. As a

matter of law, we cannot say the facts as found do not support the judgment, and it, and the order denying defendant's motion for a new trial, are, therefore, affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 1, 1916.