[Civ. No. 3511. Third Appellate District.—May 10, 1928.]

J. J. MELLUS, Respondent, v. W. A. POTTER, Appellant.

Hunsaker, Britt & Cosgrove and Robert B. Murphey for Appellant.

Carroll Allen and A. E. McManus for Respondent.

TUTTLE, J., *pro tem.*—This is an action brought to recover the sum of $6,000 upon a contract between appellant and respondent for one-half of certain commissions derived through the negotiation of a lease. The trial was had be-

fore a jury, and a verdict was returned for the sum of $4,478.74 in favor of plaintiff. This appeal is taken from the judgment entered upon said verdict.

As to the facts involved, it appears that during the month of March, 1922, respondent endeavored, as a broker, to procure an oil lease from Gardena Syndicate to the Burhnam Company. He was approached by appellant, who convinced him that he (appellant) was in a position to procure the lease from the said Syndicate, and appellant also stated that he could get a good commission from the said Syndicate, and this commission would be divided equally between them. Respondent told him it was all right, and for him to go ahead. The parties also agreed to divide equally any commission received from the Burhnam Company. Both the proposed lessor and lessee knew of the arrangement in respect to the said commissions.

The lease was consummated, and the Burhnam Company paid appellant the sum of $3,500 as a commission. The Syndicate also paid appellant a commission, amounting to $8,957.49.

Appellant admits the contract for commissions was made, and admits the receipt by him of the said commissions. He relies upon the insufficiency of the evidence as his principal ground for reversal. At the trial a receipt in the following words, and admittedly signed by respondent, was admitted in evidence:

"June 14, 1922.

"Received of Potter & Smith Five hundred ($500.00) Dollars, payment in full for all deals up to date.

"J. J. MELLUS."

and it is contended by appellant that this release "is an insuperable bar to recovery on the part of plaintiff," and that the jury could have drawn but one conclusion from the evidence, to wit, that respondent had released all claim to the commissions mentioned, in consideration of the receipt of the said sum of $500.

It is admitted by respondent that as to the commission of $3,500 he makes no claim. His position is, however, that the receipt does not cover or apply to the commissions received from the lessor Syndicate. Unquestionably the jury so found, for their verdict was for one-half of the commissions received by appellant from the Syndicate.

Section 1542 of the Civil Code reads as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Appellant argues that, under the evidence introduced at the trial, the only conclusion the jury could have reasonably drawn was that respondent *knew or suspected* the existence of a claim in his favor arising out of commissions to be received from the Syndicate. Therefore, appellant contends, the only possible verdict the jury could have rendered was one in his favor, as the evidence was insufficient to support a verdict for respondent. The only inquiry to be made by this court is whether or not there was substantial evidence to support the verdict. If the record contains such evidence we cannot disturb the verdict. (*Taylor* v. *United States Fidelity & Guaranty Co.*, 86 Cal. App. 382 [260 Pac. 898].)

■ Respondent testified that, at the time the receipt was given, nothing except the commission for $3,500 was discussed; that there was no understanding at that time to the effect that the receipt would cover any commissions received by appellant from the Syndicate; that nothing was said about a contract between appellant and the Syndicate for the giving of a commission; that he did not learn of the commission contract between the Syndicate and appellant until informed of the fact afterward by Mr. Wright (connected by the Syndicate); that if appellant had notified him (respondent) that he had a contract, it would have been a different proposition, but he never did.

We are satisfied that from the foregoing evidence the jury was justified in finding that respondent did not know or suspect, at the time he signed the said receipt, that he had any *claim* against appellant arising out of the commissions received from the Syndicate. Furthermore, the contract between appellant and the Syndicate, covering said commissions, was not signed until five days after the execution of said receipt. ■ It is earnestly contended by appellant that while respondent did not *know* of any claim he may have had against appellant at the time of the execution of said receipt, the evidence shows without contradiction that he *suspected* a claim to exist. To adopt this rule of construing the evidence would be, in effect, taking away from

the jury their undoubted right to draw inferences from the testimony before them. That the jury might well have drawn the inference, from the evidence, as to want of suspicion on the part of respondent, there is no question, and upon this review of the evidence we are bound to hold that such inference, favorable to respondent and in support of the verdict, was made. (*Cooley* v. *Brunswig Drug Co.*, 30 Cal. App. 58 [157 Pac. 13] ; 24 Cor. Jur., sec. 230.)

There is also another reason why section 1542 has no application here. There is no proof, at the time said receipt was signed, that any *claim* existed in favor of respondent in respect to the Syndicate commissions. "Claim" in its primary meaning, is used to indicate the assertion of an *existing right*. In its secondary meaning it may be used to indicate the right itself. (*Appeal of Beach*, 76 Conn. 118 [55 Atl. 596, 599].) At the time of the execution of the said receipt no contract for the commissions in question had been executed by appellant and the Syndicate, nor had appellant then received said commissions. The *claim* mentioned in the code refers to an *existing* right in favor of the creditor, and not to rights which have not yet accrued.

The action of the trial court in denying the motion for a nonsuit was proper. Our discussion with reference to the sufficiency of the evidence to support the verdict applies also to that motion, as the testimony summarized was all a part of plaintiff's case.

The judgment is affirmed.

Hart, Acting P. J., and Plummer, J., concurred.