[Civ. No. 9929. Third Dist. Nov. 25, 1960.]

THEODORE PAPPAS, Respondent, v. UNION BOND AND TRUST COMPANY (a Corporation), Appellant.

Falk & Falk and Charles E. Buxton, Jr., for Appellant.

Mathews & Traverse for Respondent.

WARNE, J. pro tem.*—This is an appeal from a summary judgment entered in favor of the plaintiff in an action for collection of a promissory note.

It appears from the complaint that the defendant made, executed and delivered for valuable consideration the promissory note in question to Legh Timber Company, Inc., and

---

*Assigned by Chairman of Judicial Council.

that thereafter Legh Timber Company, Inc., negotiated it to the plaintiff.

In its answer defendant denied all of the allegations of the complaint except it was admitted that the defendant refused to pay the note sued upon. By cross-complaint defendant brought in Legh Timber Company, Inc., as cross-defendant, and alleged that the note in question was in payment of the execution and delivery of an assignment and a grant deed from Legh Timber Company, Inc., to Klamath Logging Company; that Legh Timber Company, Inc., did not own the timber interests and real property purportedly conveyed; that there was no interest in said real property except to the extent of one million board feet of timber rather than forty million board feet of timber as represented by Legh Timber Company, Inc., to be its interest therein; that the interest of the Klamath Logging Company had been assigned to defendant; and that damages had been suffered by defendant's assignors in the sum of $25,000, for which judgment was sought.

Plaintiff then filed his motion for summary judgment under section 437c of the Code of Civil Procedure, supported by affidavits of himself and one Elwood Buffum, Secretary of Legh Timber Company, Inc., setting forth the facts upon which the motion was based. Plaintiff's affidavit discloses: That he is one of the partners of the partnership of Pappas and Stathes; that on December 5, 1957, the partnership transferred to Buffum and Legh Timber Company, Inc., the tug "Alitak" and the barge "Commissioner" pursuant to a written conditional sales agreement (a copy of the agreement is attached to his affidavit) ; that pursuant to the conditional sales agreement Legh Timber Company, Inc., did negotiate and deliver to Pappas and Stathes the promissory note in question for the sum of $16,000, and Elwood Buffum did guarantee payment thereof; that said note was then negotiated and delivered to Pappas and Stathes by Legh Timber Company, Inc., by endorsement thereon; that on August 13, 1958, Pappas and Stathes did negotiate and deliver said promissory note to Theodore Pappas, individually; that Pappas and Stathes notified Union Bond & Trust Company of the negotiation of said note by registered mail; that demand was made upon defendant for the payment of said promissory note by defendant; that said note is due, owing and unpaid; and that each and all of the statements and allegations in his affidavit are true and if sworn as a witness

he could competently testify that each and all of the averments were made upon matters within his personal knowledge. The affidavit of Elwood Buffum alleges that neither he, as an individual, nor Legh Timber Company, Inc., have had any interest in the promissory note in question since December 16, 1957, at which time said promissory note was negotiated to Pappas and Stathes for a valuable consideration. The complaint in this action was filed on September 5, 1959. The affidavits fail to state that the plaintiff took the promissory note from Pappas and Stathes for value.

The appellant contends that the respondent's affidavits were insufficient to support a motion for summary judgment in that respondent failed to controvert the defense of failure of consideration because he failed to show that he took from a holder in due course, or that he, himself, is a holder in due course and free from such defense.

█ In considering whether triable issues are presented to the court, the court may not consider the allegations of the pleadings except where they are not controverted by affidavits on either side. (*People* v. *City of Garden Grove*, 165 Cal.App.2d 794, 802 [332 P.2d 841].) █ In this case the failure of consideration alleged in defendant's answer is not controverted and therefore it remained a triable issue.

The respondent argues that the agreement between Pappas and Stathes and Legh Timber Company, Inc., is annexed to respondent's affidavit and clearly shows that the note was negotiated by Legh Timber Company, Inc., to Pappas and Stathes as part of the purchase price of a tugboat and barge. The agreement purports to show that Pappas and Stathes paid value for the promissory note. Presumably, respondent's theory is that he is a holder, deriving title through a holder in due course, and by affidavit has stated that he had no knowledge of the failure of consideration affecting the instrument. However, his affidavit does not state facts showing that he personally paid a valuable consideration for the promissory note. Nor is it shown that the transfer from Legh Timber Company, Inc., to Pappas and Stathes was made in good faith and without notice of any infirmities in the promissory note or defect in the title of the party negotiating it. In the absence of such a showing a triable issue was presented as to whether Pappas and Stathes were holders in due course, and also as to whether Pappas, individually, was likewise a holder in due course. █ The moving party in a proceeding for summary judgment must make a strong showing in sup-

702

port of his position. His affidavits in support of the motion should be strictly construed. (*Weichman* v. *Vetri,* 100 Cal. App.2d 177, 179 [223 P.2d 288].) Therefore we conclude that the judgment should be reversed.

Since the respondent's affidavits are insufficient there is no need to consider appellant's counteraffidavits. (*Kelliher* v. *Kelliher,* 101 Cal.App.2d 226 [225 P.2d 554].)

The judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.