[Civ. No. 6382.   Fourth Dist.   Dec. 13, 1961.]

JAMES R. HUTTON, Plaintiff and Appellant, v. HAZEL LA FRANCE et al., Defendants and Respondents.

Thurman Arnold, Jr., for Plaintiff and Appellant.

Hazel La France, in pro. per., Slaughter, Schlesinger & Schlecht and James M. Schlecht for Defendants and Respondents.

COUGHLIN, J.—The principal issue on this appeal concerns the sufficiency of the evidence to sustain the findings of the trial court in support of its conclusion that the plaintiff, the appellant herein, executed a release which discharged his claim against the defendants, the respondents herein, for a brokerage commission which he sought to recover by this action.

The defendants, Mr. and Mrs. Hatcher, as owners of a hotel known as the Casa Del Vista, by written agreement, listed their property for sale with the plaintiff, a licensed real estate broker. In response to this listing, the plaintiff introduced the defendant La France to the defendants Hatcher and unsuccessfully attempted to negotiate a sale between them. However, the Hatchers and La France subsequently executed a lease and option to buy. This agreement followed conversations between the plaintiff and Mr. Hatcher wherein the latter had indicated his willingness to lease the hotel. Following these conversations the plaintiff had prepared a lease and option between the Hatchers and La France; had submitted it to both of them; but Mr. Hatcher turned it down because of the provision therein requiring the payment of a commission for the sale of the property in the event the option was exercised. The Hatcher-La France lease and option was upon different terms

from those previously proposed by the plaintiff; resulted from negotiations between themselves; was effected without any assistance from the plaintiff; and without his knowledge. When the latter learned that the property had been leased he demanded a commission for his services in procuring La France as a lessee. A controversy respecting his right to such a commission ensued; culminated in a compromise; and resulted in the Hatchers' paying him $2,200 which, by an instrument in writing, he accepted "in full settlement for any and all claims arising out of services from the Hutton's Real Estate Company and or its agent or agents, with reference to the premises known as the Casa Del Vista. . . ." The next day the defendant La France exercised her option to buy and the transaction was placed in escrow. Thereupon the plaintiff brought this action against the Hatchers claiming that he was entitled to a commission for the sale to La France. The Hatchers set up the aforesaid instrument as a defense, claiming that it released them from the obligation sued upon. The plaintiff contends that he was paid and received the $2,200 in question as a commission for procuring the lease only; that he executed the instrument in question as a receipt therefor only; that at the time he signed the same he did not know of the option provision in the lease; that it does not constitute a full release; and that La France conspired with the Hatchers to prevent his getting the commission in question. The trial court found:

(1) That the subject instrument constituted "a full release of any and all claims arising out of services performed for the defendants by plaintiff's real estate agency"; and (2) that prior to the execution thereof, the defendant Mr. Hatcher and the defendant La France had "advised plaintiff of the existence of said option agreement and of the possibility of the sale of said property to defendant LA FRANCE at any time within the option period." Based on these findings the trial court concluded that any claim which the plaintiff had against the Hatchers was extinguished and released when he executed the instrument in question.

The plaintiff contends that the foregoing findings of the trial court are not supported by the evidence.

On its face, the instrument signed by the plaintiff purports to be an acceptance "in full settlement for any and all claims arising out of services" with reference to the Casa Del Vista. Even though it be assumed that he is entitled to prove the scope of the alleged release by parol evidence, never-

theless, as stated in one of the cases relied upon by him, i.e., *Jordan* v. *Guerra,* 23 Cal.2d 469, 475 [144 P.2d 349]:

". . . it is for the trier of the facts to determine what the plaintiff understood was covered by the writing and whether his understanding different from the writing was induced by the defendant."

The plaintiff's arguments in support of his contention attacking the sufficiency of the evidence to support the foregoing findings involve a consideration of the weight of the evidence, the inferences to be drawn therefrom, and an interpretation thereof. A decision upon these matters is a function of the trial court and its conclusion in the premises will not be interfered with on appeal unless shown to be wholly unreasonable. (*Edwards* v. *Billow,* 31 Cal.2d 350, 359 [188 P.2d 748]; *Adoption of Curtis,* 195 Cal.App.2d 179, 183 [15 Cal.Rptr. 331].) We have reviewed the record and find substantial evidence in support of the findings attacked. Mr. Hatcher and Miss La France both testified that, previous to the execution of the release, and as a part of the conversations leading to the compromise, they advised the plaintiff that the lease in question contained an option to buy and that it might be exercised within the option period. The plaintiff urges that, because of contradictions, their testimony is not worthy of belief. However, it is well settled that the trier of fact may accept part of the testimony of a witness and reject another part even though the latter contradicts the part accepted. (*People* v. *Davis,* 48 Cal.2d 241, 248 [309 P.2d 1]; *Robinson* v. *Robinson,* 159 Cal. 203, 204 [113 P. 155]; *People* v. *Rodriguez,* 169 Cal.App.2d 771, 776 [338 P.2d 41]; *Stoner* v. *Bisno,* 162 Cal.App.2d 164, 171 [327 P.2d 922].)

The plaintiff also argues that the $2,200 could not have been accepted in satisfaction of his claim for a commission in the event of sale because the sale to La France was not consummated at the time of such payment, citing the decision in *Jersey Island Dredging Co.* v. *Whitney,* 149 Cal. 269 [86 P. 509, 691], *California Packers Co.* v. *Merritt Fruit Co.,* 6 Cal.App. 507 [92 P. 509], and similar cases in support of his position. However, each of these cases merely sustained a determination respecting the scope of a release as a question of fact, and do not require a determination contrary to that made by the trial court in the case at bar.

The evidence in the instant case shows that at the time the plaintiff signed the release in question he suspected that La

France might purchase the hotel, actually was told that she might do so within the option period, and knew that the Hatchers refused to accept a lease and option he had prepared because it provided for a payment of a commission to him in the event of sale. Also, it is noteworthy that the plaintiff refused to sign the release until he had taken it to his attorney; that it was given to him for this purpose; and the next day he returned, signed the same and accepted the $2,200. The circumstances shown fully justified the court in concluding that all of the parties to this release intended that it should cover any claim for services in connection with a sale arising out of an exercise of the option, as well as those in connection with the lease of which the option was a part. For this reason the rule stated in *Mellus* v. *Potter*, 91 Cal.App. 700, 704 [267 P. 563], relied upon by the plaintiff, does not apply.

The plaintiff claims that, in any event, the release does not bar his recovery of a commission on the sale to La France because it was obtained by fraud; that the Hatchers intended to sell to her as soon as the release was executed but concealed this fact from him. The findings and evidence heretofore considered fully dispose of this contention.

The plaintiff also contends that the judgment should be reversed because the court failed to find upon certain material issues. Among these was the issue of fraud. However, as heretofore indicated, the court found against the plaintiff's contention that the defendants concealed the fact that there was an option and that La France might buy the property within the time fixed thereby. Likewise, there is no merit to the plaintiff's contention that the court did not find whether or not at the time the release was executed the defendants actually had an undisclosed intent to effect the sale forthwith. The evidence indicates and the court found that the sale actually made was upon terms different from those originally proposed, and was agreed upon after the execution of the release. The further contention that the findings do not disclose whether the $2,200 was paid as a commission for the lease or in satisfaction of a right to a commission on a sale also is without merit. From a review of the findings as a whole, there is no doubt that the court concluded that the Hatchers paid the plaintiff the $2,200 in full satisfaction for all services rendered either in connection with the lease which had been executed or with a sale which might be made pursuant to the option contained therein. On appeal findings will be accorded a liberal construction with a view toward

supporting, rather than defeating the judgment. (*Johndrow* v. *Thomas,* 31 Cal.2d 202, 208 [187 P.2d 681].)

Appellant makes no mention of his cause of action against the defendant La France. The court found that no conspiracy existed, as was alleged in the complaint; the evidence supports this conclusion; and the judgment in favor of the defendants accordingly was proper.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.