[Civ. No. 20145. First Dist., Div. One. Nov. 26, 1962.]

ALEJANDRO DE ECHEGUREN, Plaintiff and Appellant, v. MERCEDES DE ECHEGUREN et al., Defendants and Respondents.

James Martin MacInnis for Plaintiff and Appellant.

Sullivan, Roche, Johnson & Farraher and Vincent J. Mullins for Defendants and Respondents.

SULLIVAN, J.—Plaintiff appeals from a judgment in favor of the defendants Mercedes de Echeguren Miller and Paul Albert Miller entered upon an order granting defendants' motion for summary judgment.[1] For convenience we will refer to the defendants by their first names.

Plaintiff's first amended complaint sets forth two separately stated causes of action. In the first, the complaint alleges that plaintiff and Mercedes were married in Spain in 1952, at all times thereafter have been husband and wife and have two children born issue of such marriage; that Mercedes without provocation, cause or plaintiff's consent separated from plaintiff at the request and procurement of Paul; and that Mercedes and Paul conspired with each other to obtain a dissolution of the marriage between plaintiff and Mercedes so that they might have a civil ceremony performed declaring Mercedes and Paul "to be purported husband and wife."

In furtherance of this conspiracy, so it is alleged, and with each defendant acting jointly with and as the agent of the other, Paul invited Mercedes to become his wife and she ac-

---

[1] The appeal is not taken from a portion of the judgment dealing with the custody of the children. We dispose of this point *infra*.

cepted the invitation; in 1955 Mercedes separated from the plaintiff and purported to take certain steps to declare herself a resident of Nevada, being assisted therein by Paul; that Mercedes never intended to become a permanent or bona fide resident of Nevada, except insofar as by remaining physically there for the requisite period of time "she hoped to cast a color of legitimacy upon her purported Nevada residence"; that it was the intention of the defendants to intermarry and live permanently thereafter not as residents of Nevada but as residents of California; that on January 31, 1956, she obtained a decree of divorce in Nevada; that thereafter Mercedes remained in Nevada and Paul joined her there, the parties planning to intermarry after the passage of such a period of time that might make it appear that Mercedes "had . . . truly become a resident" of Nevada; that on August 13, 1956, the defendants "purported to marry each other" by a civil ceremony in New York; that at the end of August or beginning of September 1956, the defendants returned to San Francisco with the minor children of plaintiff and Mercedes. The complaint contains the general allegation that plaintiff and defendants are bona fide residents of San Francisco and "have occupied such status continuously, and without interruption, prior to and during the calendar years 1955 through 1959." The first cause of action concludes with allegations to the effect that the Nevada decree of divorce obtained by Mercedes was invalid since the Nevada court "did not obtain jurisdiction over the marital res of plaintiff and defendant MERCEDES . . . nor over the person of plaintiff, . . ."

The second cause of action, after incorporating by reference all of the allegations of the first, sets forth certain allegations pertaining to the custody of the two children of plaintiff and Mercedes, which need not be here detailed.

The prayer of the first amended complaint is that the above-mentioned Nevada decree of divorce be declared void, that the "purported inter-marriage" between Mercedes and Paul be declared void, and that the court make such orders pertaining to the custody of the children as may be reasonable.

Defendants' demurrer to the first amended complaint was overruled. They filed an answer admitting the first marriage of Mercedes to plaintiff, its termination by divorce, the subsequent marriage of Mercedes and Paul, the fact that there were two children of Mercedes' marriage to plaintiff, and denying all other allegations of the first amended complaint.

Shortly thereafter, the defendants filed a motion for summary judgment supported only by the declaration of Vincent J. Mullins, one of defendants' counsel below and on this appeal. Mr. Mullins' declaration states that he is the attorney for the defendants and "is familiar with all of the facts and circumstances of said cause of action"; that in respect to the second cause of action plaintiff does not desire the custody of the children, is unable to provide for them and has failed, refused and neglected to contribute to their support; and that "nevertheless, defendants hereby stipulate that plaintiff's prayer in this regard be granted and that this Court make and enter its order awarding the legal custody of said children jointly to plaintiff and defendant MERCEDES MILLER, with physical custody in defendant MERCEDES MILLER with full visitation rights in plaintiff."

The declaration thereupon continues: "As to the remaining count of said complaint, your affiant declares that said cause of action is a sham and frivolous one. Said count asks this Court to declare that the defendant MERCEDES MILLER improperly secured a divorce from plaintiff and that she thereafter improperly married defendant PAUL MILLER. Said alleged cause of action is not a proper subject for declaratory relief. It is brought solely for vindictive purposes and can accomplish no practical results for any party hereto, save and except the inflicting of harm upon the two minor children of plaintiff and defendant MERCEDES MILLER." The foregoing are the only statements made relevant to the first cause of action.

No affidavit in opposition to the motion was filed by or on behalf of the plaintiff. The court below made a written "Order Granting Motion for Summary Judgment" in which it first awarded custody of the children according to, but without express reference to, the defendants' stipulation set forth above. The order then provided: "THIS COURT FURTHER FINDS the granting of declaratory relief herein, as prayed for in the first count of plaintiff's complaint, is not necessary or proper at this time under all the circumstances herein, and this Court therefore grants the said motion."[2] Judgment was rendered accordingly. It is apparent that, insofar as the

[2]In the findings of fact and conclusions of law thereupon filed the court found that all of the allegations of defendants' declaration were true, that "[d]eclaratory relief is not necessary or proper . . . at this time under all the circumstances herein," and as conclusions awarded custody of children as above noted, stating that otherwise "plaintiff shall take nothing under his complaint herein."

second count is concerned, the declaration of defendants' counsel was treated by the trial court as a stipulation for awarding custody of children. The parties agree that these custody matters are not involved in the present appeal. To simplify matters, therefore, our discussion will be directed to the other aspects of the summary judgment. As we shall point out, a resolution of these problems will determine all matters embraced by the judgment, including the custody matters.

Section 437c of the Code of Civil Procedure sets forth the procedure to be followed in obtaining a summary judgment. So far as relevant here, it prescribes the following requirements for the affidavit of the moving party: ''The affidavit . . . in support of the motion must contain *facts* sufficient to entitle . . . defendant to a judgment in the action, and the facts stated therein shall be *within the personal knowledge of the affiant,* and *shall be set forth with particularity,* and each affidavit shall show affirmatively that affiant, *if sworn as a witness, can testify competently thereto.''* (Emphasis added.)

In *Snider* v. *Snider* (1962) 200 Cal.App.2d 741 [19 Cal. Rptr. 709], this court summarized the principles of law defining the nature and purpose of summary judgment procedure and the rules governing the affidavits required therefor. ▇▇▇ We there said: ''At the outset we recognize the admonition of the Supreme Court in *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 556 [122 P.2d 264] : 'The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact. (See *Walsh* v. *Walsh, supra* [18 Cal.2d 439 (116 P.2d 62)].)

'' 'For these reasons it may further be said that the affidavits of the moving party, the plaintiff in this case, should be strictly construed and those of his opponent liberally construed.' (See also *McComsey* v. *Leaf,* 36 Cal.App.2d 132 [97 P.2d 242]; *Nini* v. *Culberg,* 183 Cal.App.2d 657, 661 [7 Cal.Rptr. 146].) If, after an examination of the affidavits, doubt exists as to whether summary judgment should be granted, such doubt should be resolved against the moving party. (*Whaley* v. *Fowler,* 152 Cal.App.2d 379, 381 [313 P.2d 97]; *House* v. *Lala,* 180 Cal.App.2d 412, 415 [4 Cal.Rptr. 366]; *Travelers Indemnity Co.* v. *McIntosh,* 112 Cal.App.2d 177, 182 [245 P.2d 1065].) But, on the other hand, as we stated in *Burke* v. *Hibernia Bank,* 186 Cal.App.2d at page 744 [9 Cal.Rptr. 890] : 'a summary judgment will stand if the supporting affidavits state facts sufficient to sustain a judgment and the counter-

affidavits do not proffer competent and sufficient evidence to present a triable issue of fact. (*Coyne* v. *Krempels* (1950) 36 Cal.2d 257, 261 [223 P.2d 244]; Code Civ. Proc., § 437c.)'

"We first consider the affidavits of the moving party. They 'must contain facts sufficient to entitle . . . defendant to a judgment in the action. . . .' (Code Civ. Proc., § 437c.) To prevail, therefore, such affidavits 'must state facts establishing every element necessary to sustain a judgment in his favor.' (*House* v. *Lala, supra,* 180 Cal.App.2d 412, 416.) Such facts 'shall be set forth with particularity' (Code Civ. Proc., § 437c) and shall be within the personal knowledge of the affiant, the affidavit to show that the affiant, if sworn as a witness, can testify competently thereto. As the court stated in *House* v. *Lala, supra,* '[t]o satisfy the statutory requirement of "particularity," the movant's affidavits must state all the requisite evidentiary facts and not merely the ultimate facts. (*Southern Pacific Co.* v. *Fish,* 166 Cal.App.2d 353, 362 [333 P.2d 133]; *Murphy* v. *Kelly,* 137 Cal.App.2d 21, 30-31 [289 P.2d 565].) Moreover, neither conclusions of law nor conclusions of fact are sufficient to satisfy the statutory requirement. (*Gardenswartz* v. *Equitable etc. Soc.,* 23 Cal.App.2d Supp. 745, 754 [68 P.2d 322].)' " (200 Cal. App.2d at pp. 748-749.)

It is therefore well settled that summary judgment cannot be ordered for the moving party, even though the affidavits of the opposing party be insufficient or absent, unless the moving party presents affidavits in support of his motion which comply with the statute and show that he is entitled to judgment. (*Coyne* v. *Krempels* (1950) 36 Cal.2d 257, 261 [223 P.2d 244]; *Southern Pacific Co.* v. *Fish* (1958) 166 Cal. App.2d 353, 362, 364-366 [333 P.2d 133]; *Gardenswartz* v. *Equitable etc. Soc.,* 23 Cal.App.2d Supp. 745, 754 [68 P.2d 322]; *House* v. *Lala* (1960) 180 Cal.App.2d 412, 416 [4 Cal. Rptr. 366]; *Rodes* v. *Shannon* (1961) 194 Cal.App.2d 743, 748-749 [15 Cal.Rptr. 349].) As is stated in *Southern Pacific Co.* v. *Fish, supra,* "there first must be a *sufficiently supportive affidavit* before the defects of any counteraffidavit, either of form or substance, need be examined; . . ." (166 Cal.App.2d at p. 366; emphasis added.) "[T]he failure of a party to file a counter affidavit does not of itself entitle the moving party to summary judgment. [Citations.]" (*Taliaferro* v. *Taliaferro* (1960) 179 Cal.App.2d 787, 791 [4 Cal.Rptr. 689].)

Applying the above rules, it is too plain to require any extended discussion that defendants' declaration filed in

support of their motion completely fails to comply with the requirements of section 437c. That portion thereof directed to the first count, consists of four sentences. Three of them, stating in effect that the action is "sham and frivolous," "not a proper subject for declaratory relief" and "brought solely for vindictive purposes" are only conclusions of the declarant. The remaining sentence which describes the first count contributes no factual support. The declaration does not contain a single statement of fact in regard to the action for declaratory relief. Nowhere does it allege facts, let alone facts with the requisite particularity and within the personal knowledge of the declarant. Nowhere does it make an affirmative showing that the declarant, if sworn as a witness, could testify to any factual matters. It is clear that the declaration fails to establish that the defendants are entitled to summary judgment.

What we have said above is in no way affected by the fact that the court below made findings of fact in the instant case. ██ Findings of fact and conclusions of law are required after "the *trial* of a question of fact by the court." (Code Civ. Proc., § 632; emphasis added.) They have no place in summary judgment procedure which seeks to discover whether there is anything to try and is concerned with "issue finding" not "issue determination." (*Walsh* v. *Walsh* (1941) 18 Cal.2d 439, 441 [116 P.2d 62]; *Buffalo Arms, Inc.* v. *Remler Co.* (1960) 179 Cal.App.2d 700, 703 [4 Cal.Rptr. 103].) ██ A summary judgment proceeding is not a trial on the merits. (*Luders* v. *Pummer* (1957) 152 Cal.App.2d 276, 279 [313 P.2d 38].)

██ Defendants appear to labor under the misconception that opposition to the motion for summary judgment must be made by counteraffidavit and, if not made, the motion is granted, as it were, by default. As we have shown, such is not the law. In support of their position, defendants quote copiously from *Kelly* v. *Liddicoat* (1939) 35 Cal.App.2d 559, 565 [96 P.2d 186]; *Cone* v. *Union Oil Co.* (1954) 129 Cal.App.2d 558, 562-563 [277 P.2d 464]; *Best* v. *Burch* (1955) 132 Cal. App.2d 859, 861 [283 P.2d 262]; and *Coyne* v. *Krempels, supra,* 36 Cal.2d 257, 261-263. They, however, refrain from furnishing us with any analysis of the above cases from which they quote. An examination of the above four cases shows that in all of them the movant presented a *sufficient* affidavit or affidavits and the opposing party filed none. None of these cases hold, as defendants seem to urge, that the absence of

affidavits in opposition will *of itself* warrant the granting of summary judgment. The Supreme Court in *Coyne* v. *Krempels,* which is cited in both *Cone, supra,* and *Best, supra,* carefully pointed out that summary judgment is proper only if the supporting affidavits are sufficient to sustain judgment in favor of the movant and the opposing parties' affidavits do not allege facts sufficient to present a triable issue of fact, citing *Hardy* v. *Hardy* (1943) 23 Cal.2d 244, 245, 247 [143 P.2d 701] and *Gardenswartz* v. *Equitable etc. Soc., supra,* 23 Cal.App.2d Supp. 745, 750, 751. The Supreme Court thus reaffirmed the *Gardenswartz* case, *supra,* where it was said that under the applicable paragraph of section 437c set forth by us above "summary judgment for plaintiff cannot be ordered, even though affidavits for the defendant be insufficient or absent, unless the plaintiff presents affidavits in support of his motion which comply with the section and show that he is entitled to judgment. [Citations.]" (23 Cal.App.2d at p. 751.) Strangely, defendants who have included in their brief a lengthy quotation from *Coyne* v. *Krempels,* appear to have been unimpressed by the statement of the above rule and supporting authorities which immediately precede the quoted matter.

Nor does *Grady* v. *Easley* (1941) 45 Cal.App.2d 632 [114 P.2d 635] or *Gibson* v. *De La Salle Institute* (1944) 66 Cal. App.2d 609 [152 P.2d 774] give defendants any assistance. Defendants cite both cases (as well as *Kelly* v. *Liddicoat, supra,* 35 Cal.App.2d 559 already discussed herein) in support of the argument that "[i]t is, of course, axiomatic that summary judgment will not be reversed unless an abuse of discretion is made to appear" and that appellant herein has failed to show such abuse of discretion. ▆▆▆ Defendants fail to apprehend that it is an abuse of discretion for the trial court to render a summary judgment on the insufficient and, in the instant case, worthless affidavit of the movant.[3]

We turn to a second contention which defendants advance to uphold the judgment. In essence, it is that the judgment

---

[3]Thus in *Grady* v. *Easley, supra,* cited by defendants, it is said at page 641: "While 'Ordinarily, the only question presented upon an appeal from a summary judgment under section 437c is whether or not the trial court abused its discretion' (*Kelly* v. *Liddicoat,* 35 Cal.App.2d 559, 560 [96 P.2d 186], citing *Bank of America etc. Assn.* v. *Oil Well Supply Co.,* 12 Cal.App.2d 265 [55 P.2d 885]; nevertheless, 'The validity of the judgment is to be determined by the sufficiency of the affidavits considered upon the hearing of the motion.' (*McComsey* v, *Leaf,* 36 Cal.App.2d 132, 133 [97 P.2d 242].)"

"was peculiarly proper because of the nature of the action, to-wit, an action for declaratory relief." Defendants' argument proceeds as follows: The court by statute (Code Civ. Proc., § 1061) had discretionary power to deny declaratory relief; by its findings and conclusions, it made a determination in the very language of the statute that such relief was not necessary or proper;[4] such determination was properly made in the course of summary judgment procedure "based upon the *uncontradicted showing* . . . [made by defendants while] [*p*]*laintiff-appellant made no showing whatsoever* . . . that declaratory relief here *would* serve any useful purpose"; and such determination "was, therefore, not only the result of a hearing on the actual facts, but the result of a hearing acquiesced in, in effect, by plaintiff-appellant." (All original emphasis.)

Defendants appear to be confused about the proceedings below. ▮▮▮ The record is clear that they were proceedings under section 437c for a summary judgment and that such judgment was rendered as a result thereof. There was therefore no "hearing on the actual facts" and no "findings of fact" made under recognized procedural rules. As we have already stated, the defendants made no "showing" at all in compliance with the above section, the absence of a showing or opposition by plaintiff was immaterial, and, in view of the inherent defects in the movant's affidavit, there was actually nothing for plaintiff to "acquiesce" in.

Nevertheless the defendants attempt to import a new character to these proceedings and to urge that after all, the trial court was utilizing them to give expression to its discretionary power to deny declaratory relief. ▮▮▮ As Witkin points out "the broad discretionary power of the trial court to deny such [declaratory] relief may be invoked by general demurrer." (2 Witkin, Cal. Procedure, p. 1480; see e.g. the following cases cited by defendants: *Lord* v. *Garland* (1946) 27 Cal.2d 840 [168 P.2d 5]; *Moss* v. *Moss* (1942) 20 Cal.2d 640 [128 P.2d 526, 141 A.L.R. 1422]; *Simpson* v. *Security First Nat. Bank* (1945) 71 Cal.App.2d 154 [162 P.2d 494];

---

[4] Code of Civ. Proc. § 1061, found in the chapter dealing with declaratory relief, provides as follows: "The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances."

As stated above, the trial court made a finding that "[d]eclaratory relief is not necessary or proper in this action at this time under all the circumstances herein."

*Coruccini* v. *Lambert* (1952) 113 Cal.App.2d 486 [248 P.2d 457]; *Collins* v. *City & County of San Francisco* (1952) 112 Cal.App.2d 719 [247 P.2d 362].) The trial court did not invoke such discretionary power upon hearing the defendants' demurrer to the first amended complaint which, as the record before us shows, challenged the legal sufficiency of the first cause of action for declaratory relief not only by a general specification but also by a separate specification set forth at length and in detail. On the contrary, the court overruled the demurrer, thus determining that the complaint set forth sufficient facts for declaratory relief.

Defendants attempt to avoid the effect of this by arguing that, as stated in *Moss* v. *Moss, supra,* it was better practice for the court to overrule the demurrer and exercise its power to deny declaratory relief by some other procedure.[5] Defendants asserts that "[t]he trial court followed precisely the procedure suggested in the *Moss* case, namely, it overruled defendants' demurrer and, later, made a clear *determination,* under its discretionary power, that declaratory relief was not appropriate. . . ." (Emphasis added.) However, it is obvious that this was not the posture of the instant case in the proceedings we now review. In view of their nature and purpose, the trial court was not concerned with "issue determination" but with "issue finding." (*Walsh* v. *Walsh, supra,* 18 Cal.2d 439; *Buffalo Arms, Inc.* v. *Remler Co., supra,* 179 Cal.App.2d 700.) The court proceeded to render a summary judgment without a sufficiently supportive affidavit. Defendants, upon the citation of a number of cases, insist that this court cannot review the denial of declaratory relief except where an abuse of discretion exists. It does exist where a summary judgment is granted to a moving party who has not complied with the applicable statute and is therefore not entitled to it.

We hold therefore that the summary judgment cannot be upheld as to the first cause of action. As we stated at the outset, the provisions of the judgment referrable to the second cause of action and dealing with the awarding of custody, appear to have been made upon a stipulation offered by the

[5]The suggestion in *Moss* is found in the following language: "While it might be better practice for the trial court to overrule the demurrer and exercise its discretion in denying declaratory relief by some other procedure, as, for example, upon a motion to dismiss (cf. *Cutting* v. *Bryan,* 206 Cal. 254 [274 P. 326]), the fact that it did so in ruling upon the general demurrer cannot be held reversible error in view of the decided cases in this state." (20 Cal.2d at p. 643.)

defendants. These provisions are an integral part of the entire controversy. Although apparently not objected to by plaintiff, they would appear to be favorable to the defendant Mercedes Miller, particularly when it is recalled that they are based on her stipulation. In this sense they represent a partial judgment for such defendant. While summary judgment procedure permits a partial summary judgment for a plaintiff (Code Civ. Proc., § 437c, 4th par.) we find in the statute no similar provision authorizing a partial judgment for the defendant. (See 2 Witkin, Cal. Procedure, p. 1717.) We are therefore of the opinion that the entire judgment should be reversed.

Since an appropriate court can from time to time modify or vacate orders awarding custody and since the question of custody is an incident of the main controversy, it will probably be more effectively resolved if considered by the court with the case as a whole. Furthermore, it is possible to construe defendants' stipulation for the award of custody as having been conditionally made, that is, to be operative if all other relief prayed for by plaintiff were denied. There is no record of its formal acceptance by plaintiff in the proceedings below and under all circumstances we think that it would be equitable for us not to treat it as a permanent binding commitment by the defendant mother.

The judgment is reversed.

Bray, P. J., and Molinari, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied January 23, 1963.