[Civ. No. 8383. Fourth Dist., Div. Two. Feb. 5, 1968.]

IRENE JACK, Plaintiff and Appellant, v. KENNETH W. WOOD, Defendant and Respondent.

Robert H. Green for Plaintiff and Appellant.

Rutan & Tucker, Howard F. Harrison and Stephen C. Drummy for Defendant and Respondent.

GABBERT, J. pro tem.*—This is an action by a business invitee against a building maintenance operator to recover for personal injuries suffered as the result of a fall. Plaintiff appeals from a summary judgment in favor of defendant. In this opinion we sustain plaintiff's contention that a triable issue of fact has been raised in the declarations in opposition to the motion.

By her complaint plaintiff seeks to recover damages from Wood for personal injuries suffered as a result of a fall. Her cause of action grows out of the fact that defendant Wood, doing business as K. W. Building Maintenance, performed janitorial services in a building owned by a Dr. Polentz, the tenant therein being a Dr. Leon.

Prior to the filing of her complaint the plaintiff and the two doctors negotiated a settlement through insurance adjusters

---

*Assigned by the Chairman of the Judicial Council.

and plaintiff's attorney. Releases were executed by plaintiff, her husband and the two doctors.[1]

Following execution of the releases plaintiff filed an action against Wood based on his claimed negligence in maintenance operations in the building which, she asserts, proximately caused her injury. Defendant answered the complaint, raised several affirmative defenses among which was the asserted release and discharge of the tort liability in question, based upon the releases executed in favor of the doctors.

Thereafter defendant made a motion for summary judgment. This was originally denied without prejudice, but was later renewed. The defendant prior to the second hearing of the motion for summary judgment requested that plaintiff admit the genuineness and due execution of the releases, pursuant to Code of Civil Procedure, section 2033. The renewed motion for summary judgment was supported by reference to this request for admissions, to which plaintiff failed to timely respond, and the declaration of defendant.[2]

In opposition to the motion for summary judgment plaintiff filed a declaration.[3]

---

[1]The releases provide, in part, as follows:

". . . the undersigned . . . for the sole consideration of [varying enumerated considerations are recited] . . . do . . . hereby and for our . . . heirs, executors, administrators, successors, and assigns, release, acquit and forever discharge . . . [Dr. Polentz or Dr. Leon] . . . and his, her, their, or its *agents, servants*, successors, heirs, executors, administrators and *all other* persons, firms, corporations, association or partnerships of and from any and all claims, . . . ." (Italics added.)

[2]"That I am the defendant in the above entitled action.

"That as of December 16, 1964, and prior thereto, I was employed by Dr. R. O. Leon, D.D.S., to clean his office and premises located at 1007 West LaPalma Avenue, Anaheim, California, including the maintenance of the floors. My duties in the employment were to be performed two times weekly and I was paid $35.00 a month for my services. I performed such services under the fictitious name of K. W. Building Maintenance, a sole proprietorship."

[3]"I am the plaintiff in the above entitled action. Heretofore and on or about the 16th of December, 1964, I was injured in the premises at 1007 West LaPalma Avenue, Anaheim, California. I suffered a very severe fracture to my right wrist and was hospitalized and received extensive medical treatment from Dr. Ward L. Wiseman. On or about September 23, 1965, I employed ROBERT H. GREEN to represent me in an action against any persons that were found to be negligent and responsible for my injuries. Thereafter I was advised that the slippery floor that was maintained in the premises was probably the negligence of the K. W. Building Maintenance Company, which I understood to be owned by Kenneth W. Wood. Sometime thereafter my attorney advised me that the insurance carrier for Dr. R. O. Leon and Dr. Richard Polentz disclaimed liability and contended that the negligence, if any, was the negligence of the Building Maintenance Company who was an independent contractor hired by Dr. Richard Polentz who was the owner of the building. The insurance carrier for Dr. Leon and Dr. Polentz offered

Plaintiff filed points and authorities to the effect that her intent in the execution of the releases was a question of fact which could not be reached by the summary judgment procedure, and that the question of Wood's status as an independent contractor or employee still presented a triable issue of fact as his self-serving declaration was not determinative of that question.

. At the hearing the court had before it a declaration of plaintiff's attorney, in opposition to the renewed motion for summary judgment referring to plaintiff's execution of a "Release of all Claims"[4] to each of the doctors.

██ The failure to answer the request for admissions is deemed an admission of the matters contained in such request. (See Code of Civ. Proc., § 2033, subd. (a) ; *Bank of America* v. *Baker*, 238 Cal.App.2d 778, 779 [48 Cal.Rptr. 165].) ██ A summary judgment may be based on such admissions and requests for admissions, and on the moving party's affidavit. (*Bennett* v. *Hibernia Bank*, 186 Cal.App.2d 748, 753 [9 Cal. Rptr. 896] ; *Buffalo Arms, Inc.* v. *Remler Co.*, 179 Cal.App.2d 700, 702-703 [4 Cal.Rptr. 103].)

The foundation of defendant's motion thus was that plaintiff was bound by the legal effect of the words employed in the releases and that upon her admission of genuineness, no further triable issue of fact remained. Points and authorities were submitted by defendant.

In ruling on the motion, the court, apparently referring to plaintiff's counsel's declaration, stated in effect that the only objection noted was that the releases were executed on

me $850.00 to settle my claim only against those doctors and at no time did I intend to settle or release any claim that I had against K. W. Building Maintenance and/or Kenneth W. Wood. Neither the insurance carrier for K. W. Building Maintenance or Kenneth W. Wood or K. W. Building Maintenance, individually, or Kenneth W. Wood, individually, contributed any sums of money whatsoever to any settlement or release executed by me and I never did intend at any time to settle or release any claim that I had against the present defendants in this law suit.''

[4]The attorney declared: ''Said release was executed on the grounds of mutual mistake and/or unilateral mistake of facts known to the other parties and separately, upon the independent ground of misrepresentation and lack of consideration. . . . Thereafter, and on or about May 18, 1966, I was instructed by IRENE JACK, Plaintiff in the above entitled action, and GILBERT C. JACK, her husband, to rescind said releases. That said Notice of Rescission was prepared and forwarded to: . . . [enumerated addresses]. That a copy of said Notice of Rescission is attached hereto and marked Exhibit 'A'. That the plaintiff has instructed me to forthwith serve summons and complaint on defendants RICHARD M. POLENTZ and R. O. LEON, and to proceed with the cause of action for personal injuries.''

grounds of mistake of fact known to the other parties and on the grounds of misrepresentation and lack of consideration. The court held that these were conclusions and did not comply with the provisions of Code of Civil Procedure, section 437c, in that they were not made by a party having knowledge of the facts, and did not set forth facts showing a good and substantial defense or that a good cause of action existed upon the merits.

Counsel for plaintiff requested a continuance within which to file an affidavit which would meet the requirements mentioned by the court. The request was denied and the motion for summary judgment was granted. Judgment was entered for defendant and the complaint was ordered dismissed. This appeal was then taken by plaintiff.

Section 437c, Code of Civil Procedure, provides:

"The affidavit or affidavits in support of the motion must contain facts sufficient to entitle plaintiff or defendant to a judgment in the action . . . and shall be set forth with particularity. . . ."

In this case the affidavits filed by both parties are indefinite at best and do not set forth the facts *with particularity* which entitled defendant to a judgment as the language of the section requires. ▮ The word "particularity" in a pleading or affidavit means the detailed statement of particulars. (Black's Law Dictionary; *Yoo Thun Lim* v. *Crespin*, 100 Ariz. 80 [411 P.2d 809, 810].) ▮ The word "particulars" has been held to be synonymous with "details." (See 26A C.J.S., p. 874, note 94.) ▮ "In applying this requirement the test is generally whether the affidavit states evidentiary facts on the one hand, or ultimate facts or conclusions on the other. The courts have been more liberal with the responding party in this regard." California Civil Procedure Before Trial (Cont. Ed. Bar) p. 865.) The affidavits should contain evidentiary facts stated precisely, specifically and definitely.

Legal conclusions are especially objectionable when they are contained in the moving party's affidavits. (*Gardenswartz* v. *Equitable etc. Soc.*, 23 Cal.App.2d Supp. 745, 753-754 [68 P.2d 322]; *Low* v. *Woodward Oil Co., Ltd.*, 133 Cal.App.2d 116, 121 [283 P.2d 720]; *Weichman* v. *Vetri*, 100 Cal.App.2d 177, 179 [223 P.2d 288]; *Fidelity Investors, Inc.* v. *Better Bathrooms, Inc.*, 146 Cal.App.2d Supp. 896 [304 P.2d 283].)

▮ The cases are replete with statements that a summary judgment proceeding is a drastic procedure to be used spar-

ingly and with circumspection in order to fully preserve the rights of litigants, and that affidavits of the moving party are to be strictly construed. (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 555-556 [122 P.2d 264]; *Kimber* v. *Jones,* 122 Cal.App.2d 914, 919 [265 P.2d 922]; *Travelers Indem. Co.* v. *McIntosh,* 112 Cal.App.2d 177, 182 [245 P.2d 1065]; *United States Fid. & Guar. Co.* v. *Sullivan,* 93 Cal.App.2d 559, 561 [209 P.2d 429].)

■ ''The purpose to be served by the summary judgment procedure is to expedite litigation by avoiding needless trials. While it is not a substitute for a regular trial and does not authorize the trial of any bona fide issues of fact which the affidavits may reveal, it permits the court to pierce the allegations of the pleadings to ascertain whether a genuine cause of action in fact exists or whether the defense interposed is sham or feigned.'' (*Barry* v. *Rodgers,* 141 Cal.App.2d 340, 342 [296 P.2d 898]; *Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558, 562 [277 P.2d 464]; *Kelly* v. *Liddicoat,* 35 Cal.App.2d 559, 561 [96 P.2d 186].) ■ If it appears from an examination of the affidavits that no triable issue of fact exists, and that the affidavits in support of the motion state facts which, if proved, would support a judgment in favor of the moving party, then summary judgment is proper. (*Coyne* v. *Krempels,* 36 Cal.2d 257, 261 [223 P.2d 244].) ■ It is thus apparent that the propriety of granting or denying the motion depends upon the sufficiency of the affidavits that have been filed. (*Low* v. *Woodward Oil Co., Ltd., supra,* 133 Cal. App.2d 116, 121; *Kimber* v. *Jones, supra,* 122 Cal.App.2d 914, 918.)

■ In reviewing a summary judgment the important first step, before any defects in the counteraffidavit need be examined, either as to form or substance, is to determine the sufficiency of the supporting affidavits. (*O'Connell* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 230 Cal.App.2d 633, 637 [41 Cal.Rptr. 257]; *Continental Constr. Co.* v. *Thos. F. Scollan Co.,* 228 Cal.App.2d 385, 388 [39 Cal.Rptr. 432]; *Colvig* v. *KSFO,* 224 Cal.App.2d 357, 369 [36 Cal.Rptr. 701]; *Johnson* v. *Banducci,* 212 Cal.App.2d 254, 261 [27 Cal.Rptr. 764]; *Southern Pac. Co.* v. *Fish,* 166 Cal.App.2d 353, 364 [333 P.2d 133].) The rule is stated in *Borges* v. *Home Ins. Co.,* 239 Cal.App.2d 275, 276 [48 Cal.Rptr. 540]: ''. . . despite the insufficiency of the affidavits filed in opposition to a motion for summary judgment, the moving party must show by his own motion that no triable issue of fact exists.'' Where

the supporting affidavit does not state facts sufficient to support the summary judgment for defendant, the appellate court need not proceed to determine whether the declaration of plaintiff, presented as a counteraffidavit, proffers competent and sufficient evidence to present a triable issue of fact. (*Oliver* v. *Swiss Club Tell*, 222 Cal.App.2d 528 [35 Cal. Rptr. 324]; *Saporta* v. *Barbagelata*, 220 Cal.App.2d 463, 468 [33 Cal.Rptr. 661].) And the supporting affidavit, to be sufficient, must comply with statutory requirements even though no counteraffidavit is filed, and also where the counteraffidavit is insufficient. (*Indiana Plumbing Supply Co.* v. *Bank of America Nat. Trust & Sav. Assn.*, 255 Cal.App.2d 910, 913 [63 Cal.Rptr. 658]; *de Echeguren* v. *de Echeguren*, 210 Cal.App.2d 141, 147 [26 Cal.Rptr. 562]; *Pappas* v. *Union Bond & Trust Co.*, 186 Cal.App.2d 699, 702 [9 Cal.Rptr. 218]; *Kelliher* v. *Kelliher*, 101 Cal.App.2d 226, 232 [225 P.2d 554]; cf. *Weichman* v. *Vetri, supra*, 100 Cal.App.2d 177, 179.) The court may not consider the allegations of the pleadings except insofar as they are uncontroverted by the affidavits on either side. (*Pappas* v. *Union Bond & Trust Co., supra*, 186 Cal. App.2d 699, 701.)

*Canifax* v. *Hercules Powder Co.*, 237 Cal.App.2d 44, 49-50 [46 Cal.Rptr. 552], states: "While the language of section 437c . . . superficially might seem to cast correlative burdens upon both parties, there is no obligation on the opposing party (plaintiffs here) to establish anything by affidavit unless and until the moving party (defendant here) has by affidavit stated ' "facts establishing *every element* necessary to sustain a judgment in his favor." ' [Citation.] That means a defendant must show clearly that plaintiff's 'action has no merit.' Summary judgments cannot be granted 'by default' [Citation]."

 By the terms of section 437c of the Code of Civil Procedure the defendant has the burden of showing that plaintiff's action has "no merit." Unless this burden is sustained, the failure of plaintiff's counteraffidavits to uphold a cause of action will not result in the granting of the motion for summary judgment. As the court stated in *Southern Pac. Co.* v. *Fish, supra*, 166 Cal.App.2d 353, 366, ". . . there first must be a sufficiently supportive affidavit before the defects of any counteraffidavit, either of form or substance, need be examined; and, of course, no distinction is made in the statute as to the status of the moving party, whether plaintiff or defendant."

648

█ With these rules in mind, the defect in granting the motion for summary judgment in the case before us is clear. The moving party's sole declaration does not state, with particularity, the facts of the case. It certainly cannot be established that plaintiff's action has no merit. The declaration of defendant is couched simply in conclusionary terms to the effect that he was "employed" by Dr. Leon at $35 per week. This self-serving conclusion does not serve to establish the asserted legal relationship of employee. It does not exclude the circumstance under which defendant could have been, in fact, an independent contractor. But this defect in the supporting declaration does not render the trial court's action improper in view of the implicit admission engendered by reason of plaintiff's failure to respond to the requests for admissions.

█ The controverting affidavit of plaintiff, though weak, must, under a long line of authorities, be given a liberal construction. Only a slight showing is needed to raise a triable issue of fact, nor is it required that all elements of the cause of action need be substantiated by evidence. (*Whaley* v. *Fowler*, 152 Cal.App.2d 379 [313 P.2d 97].) █ The plaintiff, through her affidavits, raises factual questions of the validity of the release, whether it was executed under mutual mistake of fact, and whether there was misrepresentation on the part of the party obtaining it. (42 Cal.Jur.2d Release, 43, p. 747; *Palmquist* v. *Mercer*, 43 Cal.2d 92 [272 P.2d 26]; *Hutton* v. *La France*, 198 Cal.App.2d 19, 23 [17 Cal.Rptr. 628]; *Pacific Elec. Ry. Co.* v. *Dewey*, 95 Cal.App.2d 69, 71 [212 P.2d 255].) █ Parol evidence is also admissible in determining the intention of the parties in giving and accepting the release. (42 Cal.Jur.2d Release, § 45, p. 749; see Annotation, 43 A.L.R.2d 786, Right to jury trial on issue of validity of release.) █ In the circumstance in which plaintiff's declaration clearly indicated a different intent in the execution of those releases than that expressed in the releases, that declaration expressed a "triable issue of fact."

█ Strictly construing the affidavits of the moving party and liberally construing those opposing, as we must, any doubts as to the propriety of granting the motion for summary judgment should be resolved in plaintiff's favor. (*Southern Pac. Co.* v. *Fish, supra,* 166 Cal.App.2d 353.) █ The erroneous granting of a motion for summary judgment is a denial of a fair trial and has been held reversible in other decisions too numerous to mention. █ On appeal the

question is whether there has been an abuse of discretion in granting the motion. The burden is on plaintiff here to show abuse of discretion. That burden has been met.

The summary judgment in favor of defendant is reversed and the cause remanded for further proceedings.

McCabe, P. J., and Kerrigan, J., concurred.

A petition for a rehearing was denied March 6, 1968, and respondent's petition for a hearing by the Supreme Court was denied April 4, 1968.